UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CLIFFORD CARSON<br>VALERIE D. CARSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>DEUTSCH BANK NATIONAL TRUST<br>CO.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:14 CV 784<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br><br>MEMORANDUM OF OPINION<br>AND ORDER |

On April 10, 2014, *pro se* Plaintiffs Clifford Carson and Valerie D. Carson filed this *in forma pauperis* action against Defendant Deutsch Bank National Trust Company ("Deutsch") under 18 U.S.C § 1002. Plaintiffs allege they are defendants in a pending eviction action in the Bedford Municipal Court filed by Deutsch, and that Deutsch improperly obtained a judgment of foreclosure on the subject property. *See, Deutsche Bank National Trust Company v. Butts*, Cuy. Cty. Ct. of Comm. Pls. No. CV-12-786827, http://cpdocket.cp.cuyahogacounty.us. Plaintiffs ask this Court to vacate the judgment of foreclosure and for a temporary restraining order to prevent

their eviction.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Plaintiffs have not set forth a plausible basis for this Court to vacate the Ohio court's foreclosure judgment. Section 1001 is "nothing more than a bare criminal statute, with

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

absolutely no indication that civil enforcement of any kind was available to anyone."[2] *Cort v. Ash*, 422 U.S. 66, 79–80, (1975); *see also Abou -Hussein v. Gates*, 657 F.Supp.2d 77, 81 (D.D.C.2009)("[P]laintiff's claims of fraud or false statements under 18 U.S.C. § 1001 ... are ... barred because th[is] criminal statute[ ] do[es] not expressly create a private right of action upon which plaintiff may sue defendants."), *aff'd*, 2010 WL 2574084 (D.C.Cir., June 11, 2010). Further, the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), precludes this Court's intervention in the Bedford Heights forcible entry and detainer case. *See, e.g., Angalet v. Housing Authority of Ashland*, 2013 WL 5411401, *2 (E.D. Ky. Sept. 26, 2013).

Therefore, even construing the Complaint liberally in a light most favorable to the Plaintiffs, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting they might have a valid claim against this Defendant.

Accordingly, the request to proceed *in forma pauperis* is granted, the Motion for Temporary Restraining Order is denied, and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          s/ Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

DATED: April 14, 2014

---

[2] Section 1001 provides the definition of terms set forth in 18 U.S.C. § 1002.